**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MAINE**

| | |
|---|---|
| IN THE MATTER OF THE<br>TAX INDEBTEDNESS OF<br>Gravelwood Farm Inc.<br>40 Gravelwood Farm Lane<br>Blue Hill, ME 04614 | No.<br>***EX PARTE*** |

## APPLICATION OF THE UNITED STATES FOR A WRIT TO ENTER PREMISES TO EFFECT LEVY

The United States of America applies, *ex parte*, pursuant to 26 U.S.C. § 7402(a), for issuance of a Writ of Entry and Protective Restraining Order against the owners, occupants and persons who may be found upon the business premises of Gravelwood Farm Inc. located at 172 Ellsworth Road, Blue Hill, ME 04614, enabling the Internal Revenue Service, pursuant to 26 U.S.C. § 6331(b), to seize certain property as described in the accompanying declaration. Daniel Brown is the sole corporate officer of Gravelwood Farm, Inc. The IRS intends to seize two cash registers and one safe located in the business location of Gravelwood Farm Inc.'s store, 172 Ellsworth Road, Blue Hill, ME 04614.

The United States' application is supported by the attached declaration of IRS Revenue Officer David Lambert, dated August 3, 2026 ("Lambert Declaration"), as well as the recitations made in this application. This application seeks an *ex parte* writ granting authorization for Revenue Officer Lambert and other employees, as designated by the Internal Revenue Service, to enter the business location of Gravelwood Farm, Inc. for the purpose of seizing assets that are found on the premises, and which are subject to levy or seizure by the United States in satisfaction of the outstanding federal taxes now due and owing by Gravelwood Farm Inc., together with interest and costs as allowed by law. The writ sought also serves to restrain other persons found on the premises from

interfering with the IRS's actions and authorizes the United States Marshals Service to assist the IRS, at its request, should Mr. Brown or any other person attempt to interfere with the seizure.

The United States makes this application *ex parte* due to the nature of the property sought to be seized, and because notice to the taxpayer of the pending seizure might alert the taxpayer to the proceedings and allow for the property to be moved or hidden. The property the United States seeks to seize are the contents of two cash registers and one safe, observed to also contain cash. Advance knowledge to the taxpayer may put collection at risk, allowing the taxpayer to move cash proceeds off site prior to the seizure being conducted, and administrative collection would be easily defeated. As set forth below, the IRS will return an inventory to the Court of all property seized. The seizure of any property is without prejudice to an aggrieved party asserting in this Court any legal remedies they may have, including but not limited to, an action under 26 U.S.C. § 7426, by any entity alleged to be the taxpayer's nominee, alter ego, or any other party that asserts a lawful ownership interest in the seized property. The IRS warrants that it will not transfer or sell any seized asset for at least 28 days after the date of seizure to allow for this Court to consider any challenges to the seizure that may be filed, and for the Court to determine whether to further extend that time.

IN SUPPORT OF THIS APPLICATION, the United States respectfully shows unto the Court:

1. Federal district courts have original jurisdiction of any civil action arising under any act of Congress providing for the internal revenue, and for any seizures arising under any other law of the United States. 26 U.S.C. § 7402(a); 28 U.S.C. §§ 1340, 1345 and 1356.

2. Jurisdiction is conferred upon federal district courts to make and issue in civil actions, writs and orders of injunction and such other orders and processes, and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws. 26 U.S.C. § 7402(a); *see also Matter of Nash*, Misc. No. 16-29, 2016 WL 638742, at *1 (D.S.C. Feb. 1, 2016) (authorizing seizure of vehicle including entry of home to seize vehicle keys); *Matter of Shaughnessy*, No. 2:25-mc-511, 2025 WL 4055270, at *1 (D. Me. Dec. 16, 2025) (authorizing seizure of private airfield, hangars, and any airplanes and vehicles stored on the premises).

3. A district court is vested with jurisdiction under 26 U.S.C. § 7402(a) to aid and enforce levies of the Internal Revenue Service by summary, *ex parte* proceedings. *Matter of Carlson*, 580 F.2d 1365, 1370, 1373 (10th Cir. 1978) (setting forth district courts' authority to issue *ex parte* writs of entry of business premises to enforce IRS levies by inspection and seizure of inventory and furniture); *United States v. First National City Bank*, 568 F.2d 853, 855-56 (2nd Cir. 1977) (same); *United States v. Mellon Bank, N.A.*, 521 F.2d 708 (3rd Cir. 1975).

4. If any person liable to pay any federal tax refuses or neglects to pay it within ten days after notice and demand, it shall be lawful for the Internal Revenue Service to collect the tax and necessary expenses by levy upon all property and rights to property not otherwise exempt from levy belonging to such person or on which there is a lien for payment of the tax. 26 U.S.C. § 6331(a). The authority to levy extends to the seizure of tangible assets. 26 U.S.C. § 6331(b).

5. Collection of taxes by the summary method of distraint provided by the Internal Revenue Code is not a denial of due process. *Phillips v. Commissioner*, 283 U.S.

589, 595-97 (1931); *United States v. Pilla*, 550 F.2d 1085, 1092 (8th Cir. 1977), *cert. denied*, 432 U.S. 907 (1977).

6. A writ is necessary for entry on private property for purposes of effecting a levy on and seizure of personal property in aid of collection of taxes except where there are exigent circumstances. *G.M. Leasing Corp. v. United States*, 429 U.S. 338, 352-59 (1977). Courts have emphasized the summary nature of proceedings authorizing entry and caution that they should not be converted into long-running adversarial proceedings. *Matter of Nash*, 2016 WL 638742 at *1.

7. A writ is to be issued upon application with supporting declaration showing cause to enter, search for, and levy upon personal property in aid of summary collection of assessed and unpaid tax. *United States v. Shriver*, 645 F.2d 221, 222-23 (4th Cir. 1981). The applicable standard is one of "probable cause to enter, search for, and levy upon personal property in aid of summary collection of assessed and unpaid taxes." *Matter of Nash*, 2016 WL 638742 at *1. The application process exists solely to protect privacy interests of the occupants under the Fourth Amendment. *Id.*

8. Cause for authority to enter property and to effect a levy in aid of the administrative collection of taxes does not equate to a finding of probable cause required to support a criminal search warrant. *Matter of Carlson*, 580 F.2d at 1377–1379. Rather, what is required is a sufficient showing that the IRS is seeking to complete a valid and permissible regulatory investigation, inspection or other purpose. *Id.* at 1380 (citing *United States v. Blanchard*, 495 F.2d 1329, 1331 (1st Cir. 1974)). Here, the valid purpose is for the IRS to enter the premises to carry out its statutorily authorized function to make summary administrative seizures of property belonging to delinquent taxpayers that might be found on the location sought to be entered.

9. Issuance of the writ authorizing entry is to take place in a summary, *ex parte* proceeding and is not to be converted into an adversary proceeding. *Matter of Campbell*, 761 F.2d 1181 (6th Cir. 1981); *Shriver*, 645 F.2d at 222 ("the warrant should have issued upon the *ex parte* application of the United States on behalf of the Internal Revenue Service [and] [t]he proceeding should not have been converted into an adversary one …").

10. In reviewing the United States' application for a writ of entry to effect a levy, the Court should consider whether the following four requirements are met: (1) an assessment of tax has been made against the taxpayer; (2) notice and demand have been properly made; (3) the taxpayer has neglected or refused to pay said assessment within ten days after notice and demand; and (4) property, subject to seizure, presently exists at the premises sought to be searched and that said property either belongs to the taxpayer or is property upon which a lien exists for the payment of taxes. *Matter of Nash*, 2016 WL 638742 at *1.

11. As set forth in the Lambert Declaration, those four factors authorizing a writ of entry are satisfied here.

12. First, an assessment for Gravelwood Farm, Inc.'s federal tax liabilities has been made, including the dates and amounts of assessment, as well as the current amount due of $129,308.55, plus statutory additions. Lambert Decl., ¶¶ 3-5.

13. Second, notice and demand for payment of Gravelwood Farm, Inc.'s tax liabilities has been given by the IRS in accordance with 26 U.S.C. § 6303(a). Lambert Decl., ¶¶ 6, 10-11.

14. Third, Gravelwood Farm, Inc. has failed, refused, or neglected to pay the assessment within 10 days of the notice and demand. Lambert Decl., ¶ 7.

15. Fourth, and finally, Revenue Officer Lambert's declaration sets out that specific property, in the form of cash proceeds belonging to Gravelwood Farm, Inc., is likely to be found at the location sought to be entered. Lambert Decl., ¶ 16.

16. The Lambert Declaration also includes a plain English print-out of the IRS computer transcript with respect to Gravelwood Farm, Inc.'s tax liabilities. Lambert Decl., Ex. 1. The transcript, together with the Revenue Officer's authentication and review of the transcript, confirms that the IRS provided Gravelwood Farm, Inc. with the required notice of its intent to collect the delinquent tax debts either by summary levy or seizure, or by filing a tax lien. "Plain English Transcripts" such as the one submitted by Revenue Officer Lambert are routinely submitted to district courts to prove when certain events happen, and when properly authenticated, like they are here, are sufficient to prove the matters asserted, including on summary judgment. *See Sedlmayr v. United States*, No. 18-1826, 2020 WL 6683069, at *3 and *7-8 (E.D. Mo. Nov. 12, 2020) (discussing the various types of IRS transcripts and explaining how the Court relied on the transcripts together with IRS declarations to prove certain events occurred).[1]

17. The United States' request is specific, limited in scope, and cabins the search for property of Gravelwood Farm, Inc. to only that which is necessary to satisfy the tax liabilities. Specific property of Gravelwood Farm, Inc. that is not needed to

[1] A search on Westlaw reveals numerous other cases reflecting acceptance of authenticated IRS transcripts of tax accounts as evidence of the events recorded.

satisfy the tax debt, is carved out, as is the property of innocent third parties. For example, as the Lambert Declaration sets out, the IRS only intends to seize cash proceeds from the taxpayer. In seeking the summary seizure of the identified property, the IRS is not seeking a limitless order authorizing it to rummage around in the taxpayer's or any third-party's property and papers that are found on the premises.

WHEREFORE, the United States prays that an *ex parte* writ be issued permitting Revenue Officer David Lambert and other employees, as designated by the Internal Revenue Service, to enter the business premises located at 172 Ellsworth Rd., Blue Hill, ME 04614, for the purpose of seizing cash proceeds and other property of value of Gravelwood Farm, Inc., as may be found therein, and restraining persons found on the premises from interfering with the IRS seizure activities.

Dated: August 10, 2026

Respectfully submitted,

ANDREW B. BENSON
United States Attorney

By: */s/ Trevor H. Taniguchi*
Trevor H. Taniguchi
Assistant United States Attorney
U.S. Attorney's Office
100 Middle Street
Portland, ME 04101
(207) 780-3257
Trevor.Taniguchi@usdoj.gov

BRETT A. SHUMATE
Assistant Attorney General

JOSHUA WU
Deputy Assistant Attorney General,
Tax Litigation Branch

*/s/ Jeffrey N. Nuñez*
JEFFREY N. NUÑEZ

Trial Attorney, Tax Litigation Branch
Civil Division, U.S. Department of Justice
P.O. Box 55
Washington, D.C. 20044-0055
P: (202) 616-5218 / F: (202) 514-5238
Jeffrey.N.Nunez@usdoj.gov
*Attorneys for the United States of America*